IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THOMAS LEE BRINCEFIELD,          )
                                 )
              Petitioner,        )
                                 )   1:11CV13
       v.                        )   1:03CR346-1
                                 )
UNITED STATES OF AMERICA,        )
                                 )
              Respondent.        )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Thomas Lee Brincefield, a federal prisoner, brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. #24]. The Court previously stayed the case in light of United States v. Foote, 784 F.3d 931, 943 (4th Cir.), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015), which was pending at the time. Because the decision in Foote is now final, the case should proceed to a final decision.

On December 1, 2003, Petitioner was convicted of one count of attempted possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B) (Count One), one count of possession of a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Two), and one count of possession of counterfeit Federal Reserve Notes in violation of 18 U.S.C. § 472 (Count Three). Following a downward departure at sentencing, he was then sentenced to 180 months of imprisonment to be followed by eight years of supervised release on the drug charge, a concurrent 60 months of imprisonment and three years of supervised release on the firearm charge, and a concurrent 150 months of imprisonment and three years of supervised release on the counterfeit currency

charge. His sentence of 180 months was subsequently reduced to 130 months imprisonment pursuant to Rule 35(b).

Over six years after his sentence was final, Petitioner filed the present § 2255 Motion raising a single claim for relief, which the Court interpreted as relying on the decision of the United States Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), arguing that his sentence was invalid because the Information of Prior Conviction [Doc. #13] filed in this case pursuant to 21 U.S.C. § 851 and a career offender sentencing enhancement that was applied under USSG § 4B1.1 are no longer properly supported. The Government initially filed a Motion to Dismiss [Doc. #43] and Renewed Motion to Dismiss [Doc. #47] opposing the § 2255 Motion on the grounds that it was barred by the applicable statute of limitations, procedural default, and a collateral review waiver contained in Petitioner's plea agreement. The Government also argued that Petitioner's challenge to his career offender classification was not the type of error that can be addressed in a § 2255 Motion. However, the Government later filed a Supplemental Response [Doc. #54] conceding, based on Simmons, that the prior North Carolina conviction alleged in Count Two of the Indictment would not qualify as a predicate felony conviction supporting a conviction under § 922(g) in light of Simmons. In this regard, the Government conceded that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for the prior conviction. Further, although Petitioner had not specifically raised a challenge to his § 922(g)(1) conviction, the Government conceded that the conviction on Count Two should be vacated. However, the Government noted that vacating Count Two would not affect Petitioner's sentence of imprisonment. The Government also noted that

2

with respect to Petitioner's § 851 arguments, the Information of Prior Conviction was no longer support by a valid predicate felony, but that the Information of Prior Conviction did not affect Petitioner's sentence of imprisonment, which was driven by the career offender guideline. The Government continued to oppose relief on Petitioner's career offender challenge, contending that such a claim was not cognizable in a § 2255 Motion.

Counsel was appointed to represent Petitioner on his Simmons-related claims, and through counsel Petitioner requested that his claims be held open pending the decision of the United States Court of Appeals for the Fourth Circuit in Foote, which involved the question of whether a Simmons-related challenge to the application of the career offender guideline was cognizable on collateral review. Because the career offender challenge was the challenge that had the possibility of affecting Petitioner's sentence of imprisonment, and in light of counsel's request, the Court stayed this action pending the Fourth Circuit's decision in Foote. Ultimately, in Foote, the Fourth Circuit held that a challenge to a career offender designation based on Simmons is not the type of alleged sentencing error that can be corrected on collateral review. Foote, 784 F.3d at 943. Therefore, Petitioner's career offender challenge in this case is not cognizable in this collateral review proceeding, and that challenge should be dismissed under Foote. Moreover, while Foote was pending in the Court of Appeals, Petitioner was released and began serving his term of supervised release, rendering his career offender challenge moot in any event. Therefore, for both of these reasons, Petitioner's Motion should be denied to the extent that it challenges his career offender status.

3

However, regarding Petitioner's § 922(g) conviction, the Government has now waived any statute of limitations or other defenses that might otherwise apply.[1] The Government thus agrees that pursuant to the § 2255 Motion, Petitioner's conviction under § 922(g) should be vacated and that Count Two should be dismissed. See Miller v. United States, 735 F.3d 141 (4th Cir. 2013). In reviewing this matter, the Court notes that the predicate offense listed in the Indictment, possession with intent to sell and deliver cocaine, was a Class H felony with a prior record level of II. Thus, the maximum sentence Petitioner faced in the presumptive range for that offense under North Carolina law, as analyzed in Simmons, was less than 12 months. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009). Therefore, having reached this conclusion and in light of the agreement of the Government, this Court will recommend that relief be granted as to Count Two based on Simmons and that Count Two be vacated and dismissed. To the extent Petitioner made any payments toward the $100 special assessment for Count Two, those amounts should be returned to him.[2]

---

[1] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[2] In order to facilitate that return, the Court will need a mailing address where any refund can be sent. Petitioner should, through counsel, supply to the Clerk's Office an appropriate non-prison mailing address. If a final Order is entered vacating Petitioner's conviction, the Clerk's Office will then calculate the amount of any refund that is due and send that amount to the address provided.

As to the § 851 enhancement, the Information of Prior Conviction was supported by the same predicate conviction as Petitioner's § 922(g) conviction. As with the § 922(g) conviction, the Government concedes in its Supplement that this conviction no longer qualifies as a felony supporting the § 851 enhancement. The Government notes that the enhancement did not affect Petitioner's sentence of imprisonment, which was controlled by the career offender enhancement. Nevertheless, it appears that the Information of Prior Conviction affected Petitioner's supervised release term under § 841(b)(1)(B), since without the Information of Prior Conviction, he would no longer be subject to the mandatory eight year term of supervised release.

In light of the invalidity of Petitioner's § 922(g) conviction, the § 2255 Motion will be granted in part. The Court has "broad and flexible power" in fashioning a remedy when granting relief on collateral review. See United States v. Hadden, 475 F.3d 652, 669-72 (4th Cir. 2007). Under Hadden, the Court has the authority to set this matter for resentencing to address any remaining sentencing issues. However, the Court also has discretion to instead correct the judgment by simply vacating Count Two and reducing Petitioner's term of supervised release for the § 841 conviction in Count One, if the sentencing judge is "satisfied with the resulting sentence." Hadden, 475 F.3d at 669. This determination is a matter within the discretion of the sentencing judge. In this case, it appears that entry of a corrected judgment would be appropriate, since Petitioner is no longer serving his original term of imprisonment, and the § 922(g) count could be vacated and the supervised release term could be reduced in a corrected judgment.

Therefore, this Court will recommend that Petitioner's sentence as to Count Two be vacated with the consent of the Government and that a corrected judgment be entered reducing Petitioner's term of supervised release on Count One from eight years to four years, if the sentencing judge is satisfied with the resulting sentence.[3]

IT IS THEREFORE RECOMMENDED that the stay in this case be lifted; that Respondent's Motions to Dismiss [Doc. #43, #47] be deemed withdrawn in light of the Government's Second Supplemental Response; that Petitioner's Motion [Doc. #24] be denied as to his challenge to his career offender enhancement, but granted as to his claims challenging his § 922(g) conviction and his § 851 enhancement, that the Judgment [Doc. #21] be vacated, that Petitioner's conviction on Count Two be vacated and that Count Two be dismissed, that any money paid by Petitioner toward the $100.00 special assessment for Count Two be returned or credited to him as set out above, and that a corrected judgment be entered as to Counts 1 and 3, re-imposing the previously-imposed sentence but reducing Petitioner's term of supervised release as to Count One from eight years to four years.

This, the 5th day of February, 2016.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[3] The Court notes that a Petition for Revocation of Supervised Release is pending in this case. At the time that Petition for Revocation was filed, Petitioner had served less than 3 years of supervised release. If the present Recommendation is adopted and a corrected judgment is entered, the Revocation proceedings would not be affected, but the term of supervised release set out in the corrected judgment would then become the applicable term of supervised release for making any further calculations or determinations.

6